PER CURIAM.
 

 The Department of Community Affairs announced its intention to disapprove a proposed amendment to the City of Haines City’s comprehensive plan. The matter was referred to the Division of Administrative Hearings for a formal hearing. Meanwhile, however, Haines City filed a complaint for declaratory judgment in circuit court relating to the same issues. When the circuit court denied the Department’s motion to dismiss, the instant petition for writ of prohibition was filed in this court.
 

 The test to be applied in these circumstances is:
 

 When an agency acts
 
 without colorable statutory authority
 
 that is clearly in excess of its delegated powers, a party is not required to exhaust administrative remedies before seeking judicial relief.
 

 State, Dep’t of Envtl. Regulation v. Falls Chase Special Taxing Dist.,
 
 424 So.2d 787, 796 (Fla. 1st DCA 1982) (emphasis in original) (footnote omitted). Having now considered the petition, response, and reply, we find that Haines City has not demonstrated that the Department was acting without colorable authority in this matter. Accordingly, we grant the petition and direct the Circuit Court for Leon County to dismiss the complaint pending there for failure to exhaust administrative remedies.
 
 [1]
 

 PETITION GRANTED.
 

 DAVIS, BENTON, and CLARK, JJ., concur.
 

 [1]
 

 . Respondent moved to dismiss this proceeding because it has withdrawn the proposed plan amendment. The motion was denied in light of the continuing pendency of the circuit court case. Although the circuit court case is now moot, it could not be dismissed because of the stay automatically imposed when this court issued its show cause order.
 
 See
 
 Fla. R.App. P. 9.100(h). Neither party moved to lift the stay or for a relinquishment of jurisdiction.